IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONYAL THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-101-MJR |
| | ) |
| **MARY LOFTIN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**FACTS ALLEGED**

On February 6, 2007, Plaintiff slipped and fell on an patch of ice at Lawrence Correctional Center. Plaintiff was taken to the medical unit and examined by Defendants Knowlton and Brooks. Although Plaintiff was in severe pain and was able to remain sitting or to squeeze the nurse's finger, Defendants provided him with pain medication and dismissed him. Defendant McAllister roughly placed Plaintiff in handcuffs to return Plaintiff to his cell; neither Knowlton, Brooks nor Defendants Hall or Kuntz intervened in this process.

Later that day, experiencing severe pain, Plaintiff called to Defendant Goines that he needed to see a doctor. Instead of taking him to the medical unit immediately, Goines told him to fill out a medical request slip.

Early in the morning of February 7, Plaintiff experienced a sharp pain in his spine. He lost of control of his legs and fell to the floor, so he pressed the emergency call button. Officer Miller (not a defendant) responded, and then summoned Defendants Henton[1] and Cox. Henton and Cox forwarded Plaintiff's request for medical treatment and went in search of four-point shackles and a shield, leaving Plaintiff prone on the floor of his cell. An unknown LPN defendant then came to Plaintiff's cell, performing a cursory examination before giving Plaintiff a bag of ice and an admonition to reduce his consumption of pain medication.

For the next several days, Plaintiff received no further medical treatment. On February 15, Defendant Pearson took Plaintiff to the medical unit to see Defendant Loftin. Plaintiff remained shackled throughout the examination as Loftin prodded him through his jumpsuit. Loftin found no evidence of breaks or fractures, though she ordered an x-ray taken on February 19. In the interim, she did not prescribe any pain medication, nor did she provide any medical treatment for his other

---

[1] Henton is erroneously listed as "Benton" in the docket.

conditions.

Plaintiff's x-ray report, dated February 26, 2007, indicated that Plaintiff had suffered spinal trauma in the lumbar area. Despite that report, Plaintiff was not provided with any significant medical treatment by Defendant Loftin or others at Lawrence Correctional Center. He believes part of the reason for his lack of treatment was a notion in his medical records – Defendants Cooper, Pearson and Vaughn had reported on April 3, 2007, that Plaintiff was in the yard "running, playing basketball, and smiling," which Plaintiff alleges was false.

In September 2007, Plaintiff was transferred to Big Muddy River Correctional Center. Despite his back condition, which had only worsened over time, Defendants Ryker, Loftin and Brian approved his transfer as a healthy inmate. As a result, he suffered severe pain during the transfer that continued long after he arrived. Plaintiff complained of his condition to Defendant Boling during intake, who noted "back pain" in his record, yet she did not provide any treatment or contact a doctor.

At Big Muddy, his medical treatment became the responsibility of Defendants Momo and Chhabra. Chhabra denied Plaintiff's request to be sent to an outside specialist. Instead, Plaintiff was sent to Defendant Cookson, a physical therapist on staff at Big Muddy. Cookson proceeded with an ultrasound treatment, which served only to make his condition worse. Plaintiff continued to complain about his worsening condition, but Defendants failed to provide him with proper treatment. As a result, Plaintiff has lost full control of his left foot. He experiences persistent pain in his legs and he also suffers frequent severe headaches.

Out of this chronology of events, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs. He bases his claims on the due process clause of the Fourteenth Amendment. However, an inmate's claims involving medical treatment fall under the

purview of the Eighth Amendment's proscription against cruel and unusual punishment. Therefore, giving Plaintiff the benefit of a liberal reading of his complaint, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court and all parties will construe these claims as brought under the Eighth Amendment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying these standards to the allegations in the complaint, the Court finds that the allegations made against McAllister, Hall, Goines, Henton, Pearson, Cox, Unknown LPN, Cooper, Vaughn, Boling, and Cookson do not rise to the level of an Eighth Amendment violation. Accordingly, these Defendants will be dismissed from this claim.

His second claim is that Defendants Ryker, Brian, Hall, Knowlton, Brooks, Cox, Loftin, Pearson, Lawrence Correctional Center, Henton, four unknown officials and an unknown nurse deprived him of due process to be free of bodily restrains during his medical treatment and prison

transfer. However, an inmate has no protected liberty interest in remaining free of restraints during transportation outside the facility, or even when moved within the facility. 20 Ill. Adm. Code § 501.110. *See Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002). Thus, Plaintiff has no claim against these Defendants for using restraints on him in these situations, and this claim shall be dismissed.

## SUPPLEMENTAL COMPLAINT (DOC. 12)

On September 9, 2008, Plaintiff filed a supplemental complaint. The allegations in this pleading involve medical treatment for hematuria, or blood in his urine. His original diagnosis for this condition was in September 2003, and he had sporadic recurrences the next few years. Since September 2007, he has had more frequent recurrences, for which he believes he is receiving inadequate treatment.

The claims regarding his hematuria do not arise from the same transaction, occurrence, or series of transactions or occurrences as his claims involving his back injury. *See* FED.R.CIV. P. 20(a)(2). The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, the claims presented in his supplemental complaint are **DISMISSED** without prejudice. If Plaintiff wishes to pursue these claims, he may do so in a separate lawsuit.

## OTHER DEFENDANTS

Plaintiff lists Roger Walker and Deputy Director Meeks as defendants in this action. However, he makes no specific allegations against either of them. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so

they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Accordingly, Walker and Meeks will be dismissed.

**MOTIONS FOR PRELIMINARY INJUNCTION (DOCS. 3, 9)**

In his first motion, Plaintiff asks the Court to direct Defendants to provide him with an immediate examination by a neurologist and orthopedist. In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Although Plaintiff may require further diagnostic examinations, it would be premature for the Court to issue an injunctive order at this time, particularly because Defendants have yet to be served with a copy of the complaint. Accordingly, the motion for preliminary injunction (Doc. 3)

is **DENIED** without prejudice.

As for his second motion (Doc. 9), he seeks immediate examination and diagnostic tests fro a urologist for his hematuria. Since those claims have been dismissed without prejudice as improperly joined in this action, this motion is **DENIED** without prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's Fourteenth Amendment claim regarding placement in restraints is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BOLING, COOKSON, COOPER, COX, GOINES, HALL, HENTON, KUNTZ, McALLISTER, MEEKS, PEARSON, VAUGHN, UNKNOWN LPN** and **WALKER** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **LOFTIN, KNOWLTON, BROOKS, RYKER, BRIAN, CHHABRA, EVANS** and **MOMO**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **LOFTIN, KNOWLTON, BROOKS, RYKER, BRIAN, CHHABRA, EVANS, MOMO** and **WEXFORD HEALTH SERVICES** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a

USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 30th day of September, 2008.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**