IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONYAL THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. MARY LOFTIN, K. KNOWLTON, MS. ) <br> BROOKS, and, WEXFORD HEALTH ) <br> SOURCES, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:08-cv-101 MJR |

**ORDER**

Currently pending before the Court are a Motion to Compel Discovery (Doc. 64), a Motion to Determine Sufficiency of Reply to Requests for Admissions (Doc. 71), a Motion for the Court to Take Judicial Notice of Adjudicative Facts (Doc. 72), a Motion to Appoint Counsel (Doc. 76), and a Motion for Extension of Time to Complete Discovery (Doc. 77), all filed by Plaintiff Donyal Thomas; and a Motion for Extension of Time to File a Dispositive Motion (Doc. 78) filed by Defendants Loftin, Knowlton, Brooks, and Wexford Health Sources.

**MOTION TO COMPEL DISCOVERY (DOC. 64)**

In this motion, Plaintiff asks the Court to determine that Defendants have waived objections to interrogatories and requests for production by failing to timely file their objections. Plaintiff also challenges the Defendants' objections for relevance and asks that the Court compel responses to the interrogatories and requests to which Defendants objected but did not respond. The Court has reviewed each of the interrogatories and discovery requests submitted with the motion. The Court finds that the Defendants properly answered the Plaintiff's interrogatories or properly objected thereto. In its threshold order, the Court limited Plaintiff's claims to one claim of deliberate

indifference to his serious medical needs regarding treatment of injuries sustained after he slipped and fell on a patch of ice. Defendants answered Plaintiff's interrogatories in a timely manner after requesting an extension of time to answer from the Court (Doc. 35). Thus, the Court finds Defendants' responses were timely and no objections were waived because they were untimely.

Where Defendants objected in lieu of responding, those objections were based on privilege regarding home addresses of Wexford employees, which the Court finds proper, and interrogatories that sought information regarding systemic misconduct not based on the only issue in this case. The Court agrees that questions regarding the treatment of other prisoners by Defendants is not relevant to whether Plaintiff, individually, received adequate medical treatment. Issues regarding systemic problems and protocols by Wexford in treatment of prisoners in general are not before the Court in this action. As stated above, this action is limited to the treatment Plaintiff received by Defendants after his injury, which will ultimately be determined based upon the Plaintiff's medical records and the testimony of Plaintiff himself and the individuals involved in providing (or failing to provide) treatment after his injury. Accordingly, the Court will not compel additional responses to Plaintiff's interrogatories because it finds the responses and objections of Defendants adequate. Plaintiff's requests for information about the Defendants' treatment of other inmates is simply not relevant to the sole claim in this action. Accordingly, Plaintiff's Motion to Compel Discovery is **DENIED**.

**MOTION TO DETERMINE SUFFICIENCY OF REPLY TO REQUEST FOR ADMISSIONS (DOC. 71)**

In this motion Plaintiff asks the Court to find Defendants' answers to requests for admissions insufficient under Fed. R. Civ. P. 36. Defendants have responded in opposition (Doc. 73). Rule 36 states: "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of

the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Regarding objections, the rule states: "The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

The requests to admit directed to Defendants Loftin and Knowlton were either admitted or denied pursuant to the rule. Thus, the Court finds those responses sufficient. Defendant Wexford Health Sources objected to and did not admit or deny Plaintiff's requests to admit 5, 6, and 7 as not relevant pursuant to Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 401-403. Rule 36(a)(5) requires that the grounds for objecting to a request must be stated. Regarding form and conformity with the rule, Defendant Wexford sufficiently stated its grounds for objection to requests to admit 5, 6, and 7 as required in Rule 36(a)(5). To the extent that Plaintiff is challenging the failure to admit or deny, the Court finds the Defendant Wexford's objections were sufficient. In those requests, Plaintiff asks Defendant Wexford to make admissions regarding contracts for services with Departments of Corrections in other states. The Court agrees with Defendants that these requests to admit are not relevant to the issues in this case. As stated above, this lawsuit is based upon whether Defendants properly treated Plaintiff after a fall. Wexford's business relationships with other states is not relevant to that issue, nor is discovery of such information reasonably calculated to lead to the discovery of admissible evidence. Thus, the Court finds Wexford's responses sufficient. Accordingly, Plaintiff's Motion to Determine the Sufficiency of Reply to Request for Admissions

(Doc. 71) is **DENIED**.

**MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS (DOC. 72)**

In this motion, Plaintiff asks the Court to take judicial notice, pursuant to Fed. R. Evid. 201, of (1) a section from the *American Jurisprudence Proof of Facts*, Second Series, Volume 37, regarding the "indications of possible spinal injury; first aid," for its statement of the professional standard of care regarding treatment of patients with potential spinal cord injuries, and (2) sections from the *Merck Manual*, published in 1987, regarding spinal cord injuries. Defendants have responded in opposition (Doc. 74).

"A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed.R.Evid. 201(b)). *See also Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir.1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite.").

Defendants clearly dispute the status of these sources as adjudicative facts. The Court finds, therefore that the sources are disputable. Furthermore, the standard of care may not be relevant to this case which involves only a claim of deliberate indifference to a serious medical need in violation of the Eight Amendment. Proper standards of care are generally at issue in actions involving negligence. It is well-settled that a showing of negligence is insufficient to demonstrate deliberate indifference. *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985) (holding that deliberate indifference in violation of the Eighth Amendment requires infliction of suffering that is

"deliberate or reckless in the criminal law sense;" negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough).

Accordingly, the Court will not take judicial notice of these facts because they are disputable and of dubious relevance. The motion is **DENIED**.

### MOTION TO APPOINT COUNSEL (DOC. 76)

The Court denied without prejudice Plaintiff's initial motion for appointment of counsel in March 2009, finding that the one issue in the case was not complex and that Plaintiff's filings indicated to the Court that he was capable of litigating the matter himself (Doc. 36). Plaintiff has now filed a second motion for appointment of counsel (Doc. 76). He contends that he needs counsel to investigate the case and to find expert witnesses who will testify regarding his medical treatment.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at

655.

Since the Court's denial of the initial motion in March 2009, Plaintiff has voluntarily dismissed seven defendants from the action, leaving only four: Loftin, Knowlton, Brooks, and Wexford Health Sources. As before, only one legal issue remains, that of deliberate indifference to Plaintiff's serious medical needs. Thus, the case has arguably become less complex than it was at the time the Court first determined Plaintiff did not need appointment of counsel.

In addition, Plaintiff has continued to litigate admirably the case on his own. Although ultimately unsuccessful, Plaintiff filed three motions regarding discovery that contained cogent legal arguments, and he made the realistic legal determination that he would be better served to focus his case on four rather than eleven defendants. Further, the interrogatories and requests for production filed with the motions indicate Plaintiff has successfully requested and exchanged documents with Defendants.

Based on the relative simplicity of the legal issue in the case and Plaintiff's performance representing himself thus far, the Court does not believe appointment of counsel is warranted at this time. Accordingly, Plaintiff's motion is **DENIED without prejudice**. The Plaintiff is **ADVISED**, however, that if his case reaches the trial stage, he may again seek appointment of counsel for assistance at trial.

### MOTIONS FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (DOC. 77) AND TO FILE DISPOSITIVE MOTIONS (DOC. 78).

Plaintiff has requested that he be allowed additional time to conduct discovery in this matter because the Court had not yet ruled upon his pending discovery motions. Defendants seek an additional 30 days after any additional time allowed for discovery to file dispositive motions. These motions are **GRANTED**. Discovery must now be completed by **February 5, 2010** and dispositive

motions filed by **March 5, 2010**.

## OTHER MATTERS

The Court requests that in all future filings, the caption should list all four remaining Defendants, but not the Defendants who have been dismissed. Thus, the caption should read: "Donyal Thomas v. Dr. Mary Loftin, K. Knowlton, Ms. Brooks, and Wexford Health Sources."

## CONCLUSION

Plaintiff's Motion to Compel Discovery (Doc. 64), Motion to Determine the Sufficiency of Reply to Requests for Admissions (Doc. 71), and Motion for the Court to Take Judicial Notice of Adjudicative Facts (Doc. 72) are **DENIED**. Plaintiff's Motion to Appoint Counsel (Doc. 76) is **DENIED without prejudice**. Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 77) and Defendants' Motion for Extension of Time to File a Dispositive Motion (Doc. 78) are **GRANTED**.

**DATED: January 15, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**